UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-00023-JRG-CRW-1 |
| | ) | |
| BRAUN TARONE EVANS DABBS | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's pro se motion for compassionate release [Doc. 71] as supplemented by counsel [Docs. 78, 79]. The United States filed a response in opposition [Doc. 80]. Also before the Court is Defendant's pro se motion for appointment of counsel [Doc. 67], which will be denied as moot.[1]

For reasons discussed below, Defendant's motion for compassionate release will be denied.

## I.  BACKGROUND

In February 2017, Defendant was sentenced to 210 months of imprisonment based on his conviction for conspiracy to distribute and possession with intent to distribute 280 grams or more of cocaine base [Doc. 41]. He is presently housed at FCI Loretto, with a projected release date in February 2033. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (search by register number 21258-074) (last visited April 27, 2022). He moves for compassionate release based on nonretroactive changes in sentencing law, a challenge to his revocation sentence in Case No. 2:09-cr-02, family circumstances, and his rehabilitation.

---

[1] Pursuant to Standing Order 21-09, Federal Defender Services of Eastern Tennessee ("FDSET") has been directed to represent any defendant who files a pro se motion under § 3582(c)(1)(A), who requests counsel for filing such a motion, or who contacts FDSET about filing such a motion, if FDSET determines filing the motion would not be frivolous. SO-21-09. FDSET has filed two supplements on Defendant's behalf [*See* Docs. 78, 79].

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a district court can modify a term of imprisonment if "extraordinary and compelling reasons" justify a sentence reduction and a reduction is consistent with the relevant factors in 18 U.S.C. § 3553(a). *See also United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "federal judges" have "full discretion to define 'extraordinary and compelling'" without reference to U.S. Sentencing Commission policy statement § 1B1.13). Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *Jones*, 980 at 1105.

## III. ANALYSIS

Defendant submitted a request for compassionate release to the warden at his prison and his request was denied [Doc. 80-2]. Defendant did not present all of his current arguments to the Bureau of Prisons. However, in the interests of judicial economy, the Court will consider the merits of Defendant's motion.

First, Defendant contends that a sentence reduction is warranted in light of nonretroactive changes in sentencing law. He points out that if he were sentenced today, under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), he would not be considered a career offender [*See, e.g.* Doc. 78, at 1–2]. Unfortunately, the *Havis* decision has not been made retroactive by the Supreme Court, and under current Sixth Circuit precedent, a nonretroactive

change in the law is not an extraordinary and compelling reason for a sentence reduction. [2] *See United States v. McKinnie*, No. 21-3608, 2022 U.S. App. LEXIS 2418, at *10 (6th Cir. Jan. 26, 2022) (nonretroactive changes in the law, and specifically *Havis*, cannot be considered an extraordinary and compelling circumstance); *United States v. Hunter*, 12 F. 4th 555, 564 (6th Cir. 2021) (holding that "nonretroactive changes in the law, whether alone or in combination with other personal factors are not 'extraordinary and compelling reasons' for a sentence reduction").

Next, Defendant argues that he should not have been sentenced to a 30-month revocation in Case No. 2:09-cr-02 because he was not previously convicted of a Class A felony [Doc. 71, at 5]. The United States points out that Defendant's conviction for conspiring to distribute at least 50 grams of cocaine base, an offense punishable by life imprisonment, is a Class A felony [Doc. 80, at 9]. In any case, a compassionate release motion is not the appropriate way for Defendant to raise a direct challenge to his revocation sentence. *See United States v. Mattice*, 2020 U.S. App. LEXIS 31870, 2020 WL 7587155 at *2 (6th Cir. 2020) (recognizing that a compassionate release motion is not the proper vehicle for arguments that could have been raised on direct appeal or in a § 2255 habeas petition).

Defendant also seeks compassionate release so that he can care for his 16-year-old son, whose mother is now incarcerated [Doc. 78, at 17]. The Court agrees with the Sentencing Commission that the death or incapacitation of the caregiver of an inmate's minor child can qualify as an extraordinary and compelling reason for release. *See* U.S.S.G. § 1B1.13, cmt. N.1 (C)(i). However, Defendant's son is not without a caregiver. According to Defendant, his son is currently

---

[2] Defendant asks the Court to consider the decision in *United States v. McCall*, 2021 U.S. App. LEXIS 37351 at *17 (December 17, 2021), which held that "a court may consider a nonretroactive change in the law as one of several factors forming extraordinary and compelling circumstances." However, the *McCall* decision has been vacated by the Court of Appeals and is now pending rehearing *en banc*. *United States v. McCall*, No. 21-3400, 2022 U.S. App. LEXIS 8742 (6th Cir. Apr. 1, 2022).

in a "stable homeplace" with Defendant's girlfriend [*Id.*]. Therefore, the Court does not find that Defendant's family circumstances are extraordinary and compelling.

Last, Defendant shows that he has taken numerous classes and maintained a positive disciplinary record while incarcerated [*See* Doc. 78-3; Doc. 78-5]. The Court commends Defendant on his rehabilitative efforts. However, Congress has provided that, in the context of 18 U.S.C. § 3582(c)(1)(A), "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t). Nor has Defendant presented any other factors that in combination with his rehabilitative efforts constitute extraordinary and compelling circumstances.

The Court acknowledges the letters of support that Defendant's family and friends submitted on his behalf [Doc. 78-6]. Nevertheless, the Court does not find extraordinary and compelling reasons for a sentence reduction at this time.

Defendant's pro se motion for compassionate release [Doc. 71] as supplemented by counsel [Docs. 78, 79] is therefore **DENIED**. Defendant's motion for appointment of counsel [Doc. 67] is **DENIED as MOOT**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
